The PRESIDENT.
The law constituting the Court of Appeals passed in 1792, refers (as to this point) to the law relating to appeals from the County Courts, to the High Court of Chancery and District Courts.
The County Court law, after referring to the Chancery law for the manner of exercising the right of appeal, declares that bond and security shall be given by the plaintiff if he appeal, but *totally omits the clause in the old County Court law, which directed bond and security to be given by the defendant; if he appealed. The chancery law does not supply the defect in a case where the appeal is prayed for at the time of pronouncing the decree, although (where that has been neglected) it provides for the case of a petition of appeal afterwards, and in this latter case, requires bond and security to be given. It takes no further notice of an appeal prayed for at the time of a decree, as it respects the bond, than to declare it valid, if given by sureties of sufficient ability, tho’ it’ should not be executed by the party himself. But this is not enough to warrant a County Court in demanding bond and security from a defendant praying an appeal, as the condition upon which it is granted; nor can the Chancellor require it. This was probably a mere omission in the legislature, but it belongs to them, not to this court to rectifj' it.
The court are therefore of opinion, that the Chancellor took the only bond which he was authofised to require: viz. a bond in the penalty of £20, from Mr. Braxton as a plaintiff appealing.

Appeals. — See monographic note on “Appeal and Error” appended to Hill v. Salem, etc., Turnpike Go., 2 Rob. 263.